Case 4:24-cv-02793   Document 24   Filed on 12/19/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 19, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| *Debtor*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-2793 |
| | § | |
| MORRIS BART, LLC, | § | |
| | § | |
| *Appellant*. | § | |

### ORDER

Morris Bart, LLC ("Morris Bart") filed an order with this court from the Eastern District of Louisiana case *Foskey et al v. American Modern Property and Casualty Insurance Company*, 2:23-CV-5316 (the "*Foskey* Order"). (Doc. No. 21-1). MMA Law Firm, PLLC ("MMA" or "Debtor") filed a response claiming that Morris Bart obtained this order secretly by *ex parte* communications. (Doc. No. 22).

For purposes of this Court's handling of the matter before it, this Court need not resolve the issue of how the *Foskey* Order came to be issued.[1] Likewise, this Court need not rely upon, or even cite, the *Foskey* Order. While there is no live motion that accompanies either filing, the Court notes that it does not serve either side of this controversy or the overall resolution of MMA's bankruptcy proceeding for adverse parties to engage in hurling epithets or accusations against the other—especially when the attorneys doing the hurling are both practicing members of the Bar of this Court and were not involved in the underlying events that triggered this entire mess. Nevertheless, for the immediate proceeding, the Court emphasizes that it expects all interested

---

[1] This Court reminds both sides that the injunction set in place by the Bankruptcy Court is still in effect, except in proceedings in this Court. At this point in time, proceedings in this Court are the only exception to the injunction until this Court has addressed the ultimate merits of the injunction in the appeal currently before it.

parties and their counsel to act with professionalism and to maintain at least a reasonable level of decorum.

Though it should go without saying, it is apparently necessary to note that unless some extraordinary facts or law are brought to this Court's attention, this Court will hold all parties to honor their representations/stipulations that were made to and relied upon by the federal district courts of Louisiana, and to the Bankruptcy Court in the Southern District of Texas. This Court withdrew the reference to facilitate a final resolution that it thought might be unlikely in the Bankruptcy Court, given its jurisdictional limits. The withdrawal of the reference does not mean that the parties no longer are bound by prior stipulations.

That said, this Court, while appreciative of the information contained in the *Foskey* Order, finds the governing order in *Ricks v. Imperial Fire* to have a more immediate application. *Ricks v. Imperial Fire & Cas. Ins. Co.*, No. CV 23-2844, 2024 WL 1750738, at *1 (E.D. La. Apr. 5, 2024), *report and recommendation adopted*, No. CV 23-2844, 2024 WL 1740172 (E.D. La. Apr. 23, 2024). The *Ricks* court, citing MMA's pleadings, makes the following statements that may prove pertinent to the instant case:

> On March 15, 2024, MMA filed its response. (Rec. doc. 47). As to the standing argument advanced by Plaintiff's counsel, MMA bolstered its argument that no case or controversy exists here by attaching as an exhibit a letter from counsel for the Funds to MMA's counsel "waiv[ing] and release[ing] their respective security interest in attorneys' fees, if any, owed, due, or owing" to MMA arising out of this matter only. (Rec. doc. 47-1).
>
> MMA went on to represent that "[w]ith respect to the second part of the Court's Order [supplying the Court with a list of cases pending in this District in which MMA will seek a fee], <u>MMA does not intend to intervene in any cases pending in this Court to seek attorneys' fees or costs.</u>" (Rec. doc. 47) (emphasis added).

*Id.* at *2 (emphasis in original).

2

The *Ricks* court was entitled to, and did, rely on these representations. Further, apparently relying upon MMA's briefing, the *Ricks* court distinguished claims for fees and costs from those claims alleging a breach of contract against successor lawyers or law firms:

> The Court now finds, <u>based upon MMA's multiple representations that it does not intend to seek fees or costs in any case now pending in this District</u>, that this tortured process can and should come to an end.
>
> It matters not to the resolution of Hurricane Ida cases in this District that one law firm might sue another law firm for breach of a contract between them. That potential is of no moment to either insured or insurer. It is a matter strictly between the various law firms. It follows then that there is no basis, <u>given MMA's affirmative statement of its intention to walk away from fees and costs from cases pending here</u>, for settling insurers to continue to insist on including that firm on settlement checks.

*Id.* at *3 (emphasis added).

No objections were filed to the Report and Recommendation, and the District Court subsequently adopted the recommendation. *Ricks v. Imperial Fire & Cas. Ins. Co.*, No. CV 23-2844, 2024 WL 1740172, at *1 (E.D. La. Apr. 23, 2024). That order was never appealed. Thus, according to the *Ricks* order, MMA has waived all claims for fees and costs for those cases pending in the Eastern District of Louisiana as of March 15, 2024. MMA, therefore, has no right to any attorney's fees and costs in those cases, unless MMA pursues any contractual claims it may have had at that time against another firm.[2] To reach any other result would undermine almost every known principle of jurisprudence. Moreover, it would promote dishonesty toward the judiciary,

---

[2] When a client hires a succession of attorneys on a contingency fee basis, the Supreme Court of Louisiana has held that only one contingency fee should be paid by the client, and that fee should in turn be allocated between or among the various attorneys involved in handling the claim. *Saucier v. Hayes Dairy Prods., Inc.*, 373 So. 2d 102, 118 (La. 1978), *on reh'g* (June 25, 1979). It is seemingly common practice for the discharged attorney to file a "concursus proceeding" against the subsequent attorney, where the "persons having competing or conflicting claims to money ... are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding." *See, e.g., Matter of Trichell*, 2023-0022 (La. App. 1 Cir. 12/27/23), 381 So. 3d 791, 799.

3

forum shopping, and encourage members of the legal profession to renege on their representations to a court if they believe reversing course might be profitable.

The courts of Louisiana have the right to rely on the statements made by the attorneys practicing in their court and should not have to tolerate such behavior. This Court certainly will not.

SIGNED at Houston, Texas this 19 day of December, 2024.

Andrew S. Hanen
United States District Judge